UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| ANTHONY U. GIANNASCA, | ) | |
| | ) | Case No. 11-19499 |
| Debtor | ) | Chapter 11 |
| | ) | |

**UNITED STATES TRUSTEE'S MOTION
TO CONVERT DEBTOR'S
CHAPTER 11 CASE TO CHAPTER 7
(WITH CERTIFICATE OF SERVICE)**

The United States Trustee moves the Court to convert the chapter 11 case of Anthony U. Giannasca ("Debtor") to chapter 7 for "cause" under 11 U.S.C. 1112(b), because:

- he has failed to comply with the United States Trustee's Operating Guidelines and Reporting Requirements for Chapter 11 Cases ("OGRR") by filing monthly operating reports ("MORs") since April, 2012;

- he has failed to comply with OGRR by providing the United States Trustee with evidence that he has renewed insurance policies covering his real properties;

- he has failed to file a disclosure statement and plan prior to the expiration of exclusivity;

- he has failed to pay United States Trustee's quarterly fees ("Fees") totaling $1,300 for Qs 2 and 3, 2012; and

- conversion is in the best interests of creditors and the estate.

In support, the United States Trustee states:

**JURISDICTION, VENUE AND BASIS FOR RELIEF**

1. The Court has jurisdiction over this matter under 28 U.S.C. 157 and 1334. This is

1

a core proceeding under 28 U.S.C. 157(b)(2)(A). Venue is proper in this court under 28 U.S.C. 1408 and 1409.

2.	The legal basis for relief includes 28 U.S.C. 586(a)(3), 11 U.S.C. 307 and 1112(b), as implemented by Fed. R. Bankr. P. 1017.

**FACTS**

3.	The Court entered an order dated November 29, 2011 converting the Debtor's chapter 13 case to chapter 11 petition. *Docket #32*.

4.	In his schedule "A," the Debtor claimed interests in two real properties. *Docket #27* at 4 of 31.

5.	The insurance policies covering the properties have expired. The Debtor has provided the United States Trustee with no evidence of renewal.

6.	The Debtor has no filed no MORs since April, 2012.

7.	The Debtor's exclusivity period expired on or about Wednesday, March 28, 2012. 11 U.S.C. 1121(b).

8.	To date, the Debtor has not filed a disclosure statement and a plan of reorganization.

9.	The Debtor owes Fees totaling $1,300 for Qs 2 and 3, 2012. A reconciliation report quantifying the Debtor's obligations for Fees is attached hereto for all purposes as *Exhibit 1*.

**ARGUMENT**

10.	The Debtor's failure to provide the United States Trustee with proof that he has maintained current insurance on the properties constitutes "cause" to convert his chapter 11 case

to chapter 7 under 11 U.S.C. 1112(b)(4)(C). The estate is at risk of incurring an uninsured casualty, which might diminish estate assets and/or give rise an administrative claim.

11. The Debtor's failure to file any MORs since May, 2012 constitutes "cause" to convert his chapter 11 case to chapter 7 under 11 U.S.C. 1112(b)(4)(H).

12. The Debtor's failure to file a disclosure statement and plan prior to the expiration of exclusivity constitutes unreasonable delay and, therefore, "cause" to convert his chapter 11 case to chapter 7 under 11 U.S.C. 1112(b).

13. The Debtor's failure to pay the Fees constitutes "cause" to convert his chapter 11 case to chapter 7 under 11 U.S.C. 1112(b)(4)(K). *Exhibit 1*.

14. The interests of creditors and the estate would best be served by the immediate conversion of the Debtor's chapter 11 case to chapter 7 under 11 U.S.C. 1112(b)(1). *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Associates, Ltd.*, 808 F.2d 363, 371 (5th Cir. 1987) *(en banc)*, *aff'd* 484 U.S. 365 (1988) (noting that "[i]n the case of most Chapter 11 debtors . . . a plan of reorganization can be effectuated, if at all, within a matter of months, not years . . . The charge to the bankruptcy judge under §1112, then, is to evaluate each debtor's viability in light of the best interest of creditors and the estate . . . .").

**REQUESTED RELIEF**

For these reasons, the United States Trustee requests that the Court enter orders 1) converting the Debtor's chapter 11 case to chapter 7; and 2) granting him all such other and further legal and equitable relief to which he may be entitled.

                    Respectfully submitted,

                    WILLIAM K. HARRINGTON
                    UNITED STATES TRUSTEE,
                    REGION 1

By:    */s/ Eric K. Bradford*
        Eric K. Bradford BBO#560231
        United States Department of Justice
        John W. McCormack Post Office & Courthouse
        5 Post Office Square, 10th Floor, Suite 1000
        Boston, MA 02109-3934
        PHONE:    (617) 788-0415
        FAX:        (617) 565-6368
        Eric.K.Bradford@USDOJ.gov

Dated: October 10, 2012.

## CERTIFICATE OF SERVICE

      I certify that on October 10, 2012, true and correct copies of the foregoing motion were served via CM/ECF upon the individuals who have filed notices of appearance in the Court's CM/ECF database, including the Debtor's counsel, who is listed below.

                    WILLIAM K. HARRINGTON
                    UNITED STATES TRUSTEE,
                    REGION 1

By:    */s/ Eric K. Bradford*
        Eric K. Bradford BBO#560231
        United States Department of Justice
        John W. McCormack Post Office & Courthouse
        5 Post Office Square, 10th Floor, Suite 1000
        Boston, MA 02109-3934
        PHONE:    (617) 788-0415
        FAX:        (617) 565-6368
        Eric.K.Bradford@USDOJ.gov

Dated: October 10, 2012.

James M. Liston on behalf of Creditor Beacon Electrical Distributors, Inc.
jml@bostonbusinesslaw.com, ekf@bostonbusinesslaw.com

Michael Van Dam on behalf of Debtor Anthony Giannasca
mvandam@vandamlawllp.com, lhamlin@vandamlawllp.com