UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:

ANTHONY U. GIANNASCA

    Debtor

Chapter 11
Case No. 11-19499-FJB

## DEBTOR'S MOTION FOR DETERMINATION OF SECURED STATUS UNDER 11 U.S.C. § 506
### (16-18 Joseph Street, Medford, Massachusetts)

Now comes the debtor in the within proceeding (the "Debtor") and respectfully submits this Motion for Determination of Secured Status under 11 U.S.C. § 506. In support of this determination, the Debtor, through counsel, states as follows:

1. The Debtor filed a Petition under Chapter 11 of the Bankruptcy Court on November 29, 2011.

2. The Debtor owns a property located at **16-18 Joseph Street, Medford, Massachusetts** (the "Property"). The Property is not the Debtor's principal residence.

3. The Debtor attaches hereto as Exhibit A an appraisal of the Property conducted at or about the petition date valuing the Property in the amount of $407,000.

4. At present, there is are the following encumbrances on the Property:

   **First mortgage: One West Bank, N.A. for $615,347.00**

   **Second mortgage: Real Time Resolutions in the amount of $144,617.**

   **Judicial Execution: Century Bank: $58,547 (recorded 7/11/2008)**

   **Judicial Execution: Beacon Electrical $7,456.11 (recorded 9/18/2009)**

5. The Debtor respectfully asserts that in accordance with 11 U.S.C. § 506(b), the Debtor is entitled to a finding that the Property is valued at not more than $407,000 and:

   a. One West Bank's secured claim shall equal $407,000 and the balance of its claim is deemed unsecured;

    b. Real Time Resolution's claim is wholly unsecured; and

    c. Century Bank's claim is wholly unsecured; and

    d. Beacon Electrical's claim in wholly unsecured.

WHEREFORE, the Debtor respectfully requests that this Honorable Court enter an order:

1. Finding that the promissory note secured by the first mortgage held by One West Bank, FSB is secured in the amount not greater than $407,000;

2. Finding that the promissory note secured by the second mortgage held by Real Time Resolution, Inc. is secured wholly unsecured;

3. Finding that the claim held by Century Bank is wholly unsecured[1];

4. Finding that the claim held by Beacon Electrical is wholly unsecured[2]; and

5. Granting such other and further relief as is deemed just and appropriate.

Respectfully Submitted
Debtor, by counsel,

/s/ Michael Van Dam
Michael Van Dam, Esq.
Van Dam Law LLP
60 William Street
Wellesley, MA 02481
(617) 969-2900
(BBO # 653979)

Dated: January 9, 2013

---

[1] This determination shall not affect the Century Bank's secured interest in the Debtor's other property located at 9 Joseph Street, Medford, Massachusetts.

[2] This determination shall not affect Beacon Electrical's secured interest in the Debtor's other property located at 9 Joseph Street, Medford, Massachusetts.