UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Anthony U. Giannasca | |
| Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR33, Mortgage Pass-Through Certificates,<br>Series 2005-AR33 under the Pooling and Servicing<br>Agreement dated December 1, 2005,<br><br>VS.<br><br>Anthony U. Giannasca | CHAPTER 7<br>CASE NO. 11-19499-FJB |

## MOTION FOR RELIEF FROM STAY

To the Honorable Frank J. Bailey:

Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust

2005-AR33, Mortgage Pass-Through Certificates,

Series 2005-AR33 under the Pooling and Servicing

Agreement dated December 1, 2005, your moving party in the within Motion, respectfully

represents:

1. The Movant has a mailing address of c/o Attn: Cashiering, 6900 Beatrice Drive, Kalamazoo, MI 49009.

2. The Debtor, Anthony U. Giannasca, has a mailing address of 9 Joseph Street, Medford, MA

02155.

3. On October 5, 2011, the debtor filed a petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of Massachusetts. The case converted to a Chapter 7 on February 26, 2013.

4. The Movant is the holder of a first mortgage on real estate in the original amount of $332,500.00 given by Anthony Giannasca to Mortgage Electronic Registration Systems Inc. on or about November 18, 2005. Said mortgage is recorded with the Middlesex (Southern District) County Registry of Deeds at Book 46506, Page 3 and covers the premises located at <u>9 Joseph Street, Medford, MA 02155-6630</u>. A copy of the mortgage is annexed hereto and marked as **Exhibit 'A'**.

5. Said mortgage secures a note given by Anthony Giannasca to IndyMac Bank, F.S.B., a federally chartered savings bank in the original amount of $332,500.00.

6. The mortgage was assigned from Mortgage Electronic Registration Systems, Inc. to Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR33, Mortgage Pass-Through Certificates, Series 2005-AR33 under the Pooling and Servicing. Said assignment is recorded with the Middlesex (Southern District) County Registry of Deeds at Book 58302, Page 41.

7. There is a Declaration of Homestead recorded on December 7, 2008 with the Middlesex (Southern District) County Registry of Deeds at Book 48625, Page 557.

8. There is no other collateral securing the obligation.

9. As of April 26, 2013, approximately $415,686.48 in principal, interest, late fees and other charges was due with regard to the Movant's note and mortgage. As a result of this motion,

attorney's fees and costs have accrued. This figure may increase as additional attorney's fees and costs accrue.

10. There are no other known encumbrances on the property.

11. According to the Debtor's schedules, the fair market value of the subject property is $266,900.00. The liquidation value of the subject property is $249,168.94, calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($1,217.06) and anticipated costs incurred for a real estate closing of $500.00.

12. The note and mortgage are in default for the October 1, 2009 payment, and all payments due thereafter plus reasonable attorney's fees and costs and other charges incurred by the movant.

13. The Movant seeks relief from stay as a secured creditor to enforce its rights under its loan documents and applicable law. In support thereof, the Movant states that it is entitled to relief:

   I. Pursuant to 11 U.S.C. 362 (d)(1) for cause on the basis that the debtor is in default on said contractual obligations, the primary purpose of a Chapter 7 proceeding is to liquidate the assets of the debtor, there is no equity and the trustee has no motivation to liquidate the subject property;

   II.    Pursuant to 11 U.S.C. 362 (d)(2) on the basis that there is no equity in the subject property and, there being no reorganization in prospect, the property is not necessary for effective reorganization.

   WHEREFORE, the Movant prays that it, and its successors and/or assigns, be granted relief from the automatic stay for the purpose of:

(i) exercising its rights under its agreements with the debtor and under applicable law, including, without limitation, taking possession of the mortgaged premises and/or foreclosing or accepting a deed in lieu of foreclosure of its mortgage on said premises; (ii) preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a); (iii) bringing such actions, including, without limitation, summary process proceedings, as are permissible by law; and (iv) that the Court order such other and further relief as may be just and proper.

        Respectfully submitted,

        OneWest Bank, FSB, as servicer for Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX  Mortgage Loan Trust 2005-AR33, Mortgage Pass-Through Certificates,
        Series 2005-AR33 under the Pooling and Servicing Agreement dated December 1, 2005,
        By its Attorney

        /s/ Rian K. Vernon
        Rian K. Vernon, Esquire
        BBO# 662635
        HARMON LAW OFFICES, P.C.
        P.O. Box 610345
        Newton Highlands, MA 02461-0345
        781-398-4800
        mabk@harmonlaw.com

Dated: May 8, 2013

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>Anthony U. Giannasca | CHAPTER 7<br>CASE NO. 11-19499-FJB |

CERTIFICATE OF SERVICE

I, Rian K. Vernon, Esquire, state that on May 8, 2013, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Massachusetts using the CM/ECF System. I served the foregoing document on the following CM/ECF participants:

Michael Van Dan, Esquire for the Debtor
Mark G. DeGiacomo, Esquire Chapter 7 Trustee
John Fitzgerald, Esquire, Assistant U.S. Trustee
James M. Liston, Esquire

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

/s/ Rian K. Vernon
Rian K. Vernon, Esquire
BBO# 662635

Anthony U. Giannasca
9 Joseph Street
Medford, MA 02155-6630


Century Bank and Trust Company
400 Mystic Avenue
Medford, MA 02155

Town of Medford – Tax Collecter
85 Salem Street
Medford, MA 02155

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In re:

Anthony U. Giannasca,

Debtor

CHAPTER 7
CASE NO. 11-19499-FJB

**Order Granting OneWest Bank, FSB, as servicer for Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR33, Mortgage Pass-Through Certificates,Series 2005-AR33 under the Pooling and Servicing Agreement dated December 1, 2005 Relief
From The Automatic Stay And Leave To Foreclose Mortgage**

This matter has come before the Court, and after full consideration, and no objections having been filed after proper notice, it is hereby ordered that OneWest Bank, FSB, as servicer for Deutsche Bank National Trust Company, as Trustee of the IndyMac INDX Mortgage Loan Trust 2005-AR33, Mortgage Pass-Through Certificates,Series 2005-AR33 under the Pooling and Servicing Agreement dated December 1, 2005, its Successors and/or Assigns, Motion for Relief From the Automatic Stay is hereby granted and it may proceed to foreclose or accept a deed in lieu of foreclosure of the mortgage given by to Mortgage Electronic Registration Systems Inc., dated November 18, 2005 and recorded with the Middlesex (Southern District) County Registry of Deeds at Book 46506, Page 3 and covers the premises located at 9 Joseph Street, Medford, MA 02155-6630. , and may exercise its rights under said Mortgage, including preserving its right to seek any deficiency to the extent permitted by state and federal law, including 11 U.S.C. §524(a), and may bring such actions, including, without limitation, summary process proceedings, as are permissible by law, all as set forth in its Motion.

                                                  Honorable Frank J. Bailey
                                         United States Bankruptcy Judge

201304-1057