## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| In re | |
|---|---|
| ANTHONY GIANNASCA, | Chapter 7<br>Case No. 11-19499-FJB |
| Debtor | |

### MEMORANDUM OF DECISION ON
### DEBTOR'S MOTION TO DETERMINE THAT LIENS ARE UNSECURED

By the motion before the Court, chapter 7 debtor Anthony Giannasca (the "Debtor") seeks a determination under 11 U.S.C. § 506(a) that three liens on his real property are unsecured.  The liens in question are a junior mortgage held by Real Time Resolutions, Inc. ("Countrywide") on the property located at 16-18 Joseph Street, Medford, Massachusetts; a judgment lien held by Beacon Electrical Distributors ("Beacon") on the same property; and a judgment lien held by Beacon on the property at 9 Joseph Street.  The motion requests no other relief and does not indicate the purpose for which a determination of the secured status of these liens is sought.[1]  Beacon has objected to the Motion; Countrywide has filed no response.  At the hearing on the Motion, it became clear that the Debtor is seeking not simply a determination under § 506(a) that the claims of Countrywide and Beacon are wholly unsecured but also an order "stripping off"—that is, avoiding or declaring void—those liens pursuant to 11 U.S.C. § 506(d).   The Court then ordered the Debtor and Beacon to brief the issue of whether a chapter 7 debtor may use § 506(d) to strip off a lien securing a wholly unsecured claim, and the parties have done so.  Nonetheless, for the reasons below, the Court now denies the motion without reaching that issue.

---

[1] The chapter 7 trustee has abandoned the properties at issue, and the Debtor has asserted no claim of exemption as to either.

First, § 506(d) gives no power of avoidance. It states simply that, to the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien "is" void. 11 U.S.C. § 506(d); compare, for example, 11 U.S.C. §§ 522(f) and (h) (permitting avoidance of certain liens). The order that the Debtor seeks is therefore not one of avoidance, but one declaring the already-existing status of the liens. It thus seeks declaratory relief as to the continuing validity of the liens. Both as a proceeding to determine the validity of a lien and a demand for declaratory relief on that issue, this proceeding is an adversary proceeding and must proceed according to the rules of Part VII of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 7001(2) and (9) (adversary proceedings include a proceeding to determine the validity of a lien and a proceeding to obtain declaratory relief as to the same). This in turn requires a complaint and service thereof with a summons on the holders of the liens. The Debtor has filed only a motion, not a complaint, and he has served no summons on the lienholders. Beacon may perhaps be deemed to have waived its right to the more elaborate process by appearing without objection to the process employed,[2] but Countrywide has not appeared at all, and its silence may not be construed as assent.

Second, in his motion, the Debtor articulates no demand for relief under § 506(d)—does not even mention this subsection—and does not ask for an order "declaring void," "avoiding," or "stripping off" the liens in question. The motion therefore does not put lienholders on notice of a crucial measure of what the Debtor seeks. Beacon now understands what is at stake, but only because it attended the hearing; Countrywide, which has not appeared at all, must be assumed to have no notice.

Third, in a supplement that the Debtor filed as to his motion, the Debtor adduced additional information "to provide the information required by LR 4003-1(a)"; and, as to each lien in issue, the Debtor stated in the same supplement that "[t]he Debtor's exemption is . . . impaired under 11 U.S.C. § 522(f)(2)(A)." The local rule referenced by the Debtor sets forth the pleading requirements for a motion

---

[2] I will insist on the appropriate process and therefore need not decide whether a waiver has been effected.

2

to avoid judicial lien under 11 U.S.C. § 522(f).  MLBR 4003-1(a).  Notwithstanding the citation to this rule and the references to § 522(f)(2)(A), nowhere in his motion or the supplement thereto has the Debtor demanded or argued for relief under § 522(f).  Still, the motion is so inartful in other respects that it is hardly clear what the Debtor believes he is seeking.  The Court is reluctant to address an important issue of first impression in this Circuit—whether § 506(d) permits the strip off in chapter 7 of wholly unsecured liens that secure allowed secured claims—where the Debtor's intention might be to avoid the liens of Beacon[3] by alternative, less controversial means.  And, in any event, the Court would prefer to deal with all the liens at issue—Beacon's *and* Countrywide's—in a single proceeding.

For these reasons, the Court will enter a separate order denying the Debtor's Motion to Determine that Liens are Unsecured without prejudice to the Debtor's seeking the same relief in accordance with the rules of Part VII of the Federal Rules of Bankruptcy Procedure, with appropriate clarity about what is being demanded.

Date:  January 22, 2014                              _____
                                                    Frank J. Bailey
                                                    United States Bankruptcy Judge

---

[3] Only the Beacon liens are in a procedural posture in which the Court could, at present, reach the merits.